UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ERIC DYE, | ) |
| Petitioner, | ) Civil Action No. 21-118-CHB-CJS |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| BRAD ADAMS, Warden, | ) |
| Respondent. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Eric Dye. (R. 1; R. 8). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). *See* Rules Governing § 2254 Cases in the United States District Courts, Rule 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636.").

After conducting a preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases, "it plainly appears from the Petition . . . that the petitioner is not entitled to relief in the district court" because Dye's § 2254 Petition is untimely. Accordingly, it will be recommended that Dye's § 2254 Petition **be dismissed** and that no certificate of appealability issue.[1]

---

[1] This Report and Recommendation provides Dye notice that his Petition appears to be time barred. The objection period explained at the end of this Report and Recommendation gives Dye the opportunity to present his position on the issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

In November 2011, Dye entered a guilty plea in Kentucky state court to charges of first-degree rape, first-degree sodomy, first-degree burglary, and being a second-degree persistent felony offender. *See Commonwealth v. Dye*, No. 10-CR-507, Warren Circuit Court, Warren County, Kentucky (CourtNet Docket).[2] He was sentenced on March 1, 2012, to a total of thirty years in prison. (R. 1, Page ID 1; R. 8, Page ID 46). Dye did not appeal. On August 28, 2013, Dye filed with the Warren Circuit Court a *pro se* motion to vacate, set aside or correct his judgment and sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42. *Dye v.Commonwealth*, 2015-CA-521-MR, 2018 WL 1778568, at *2 (Ky. Ct. App. Apr. 13, 2018), *discretionary review denied*, (Ky. Sept. 19, 2018). After conducting an evidentiary hearing, the state trial court denied Dye's RCr 11.42 motion in March 2015. *Commonwealth v. Dye*, No. 10-CR-507, Warren Circuit Court, Warren County, Kentucky (CourtNet docket). The trial court's denial of that RCr 11.42 motion was affirmed by the Kentucky Court of Appeals on April 13, 2018. *Dye*, 2018 WL 1778568, at *5, *8.

Meanwhile, in October 2015, while Dye's RCr 11.42 appeal was pending before the Kentucky Court of Appeals, he filed a motion for new trial under Kentucky Rule of Civil Procedure (CR) 60.03 and CR 61.02, alleging various vague constitutional violations and ineffective assistance of counsel. *Commonwealth v. Dye*, No. 10-CR-507, Warren Circuit Court, Warren County, Kentucky (CourtNet docket). The trial court denied that motion in December 2018, concluding that Dye had "raised no issues of fact or law that would justify setting aside the verdict,

---

[2] In the present analysis, unless otherwise noted the Court uses the dates contained within the docket in Dye's underlying criminal case which docket was obtained using CourtNet 2.0. The Court takes judicial notice of this court docket. *See Chase v. Macauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (taking judicial notice of information from another court's website in a § 2254 case) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record.")).

which is new or has not been addressed pursuant to the 11.42." *Dye v. Commonwealth*, 2019-CA-224-MR, 2020 WL 3605848, at *1 (Ky. Ct. App. June 26, 2020), *discretionary review denied*, (Ky. Dec. 9, 2020).

On May 5, 2021, the Clerk of this Court received and docketed Dye's Petition for Habeas Corpus. (R. 1). Dye represented in that filing that he signed the Petition on April 30, 2021 (*see* R. 1 at Page ID 8), and it was received by the prison's law library on April 30, 2021 (*see* R. 1-1 at Page ID 10) and processed through the facility's legal mail on May 3, 2021 (*see id.*). This Court subsequently ordered Dye to complete the standard form used for filing of a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. (*See* R. 7). Dye did so, and the Clerk of Court docketed that form § 2254 Petition on June 10, 2021. (*See* R. 8). In his Petitions, Dye identifies two grounds for relief: (1) "The Commonwealth lacked the burden of proof in proving every essential element of rape first degree, sodomy first degree and burglary first degree and persistent felony offender second degree."; and (2) "Petitioner received ineffective assistance of counsel rendering the plea of guilty not knowingly or intelligently made." (R. 1 at Page ID 2, 4; R. 8 at Page ID 50, 52).

As explained below, Dye's § 2254 Petition should be dismissed because it is time barred.

## II.   ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner generally has only one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA one-year limitations period begins to run from the latest of four circumstances:

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D).

In this case, subsection (A) applies, with the limitations period beginning to run on the date on which the Petitioner's judgment of conviction became "final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The trial court sentenced Dye on March 1, 2012, after which Dye had thirty days to file a notice of appeal. *See* Ky. R. Crim. P. 12.04(3). Thus, his conviction became final thirty days later on March 31, 2012. The limitations period under 28 U.S.C. § 2244(d)(1) for Dye to file a federal petition expired one year later on March 31, 2013. Dye did not file his Petition with this Court until April 30, 2021,[3] which is more than eight years too late, unless the one-year filing deadline was otherwise tolled.

The one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that

---

[3] For purposes of determining his date of filing, the Court uses the date Dye deposited his Petition with prison officials for mailing. *See Keeling v. Warden*, 673 F.3d 452, 456 (6th Cir. 2012) ("Under the prison mailbox rule, a habeas petition is considered filed when the prisoner provides the petition to prison officials for filing.").

has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Notably, Dye's postconviction motion to vacate, set aside, or correct his judgment or sentence under RCr 11.42, filed with the state trial court on August 28, 2013, did not toll the one-year limitations period for him to file a federal petition because that deadline expired on March 31, 2013, before his state postconviction filing. As previously noted, although a properly filed motion seeking postconviction relief can toll or pause the running of the AEDPA limitations period, a state postconviction motion filed *after* the one-year federal limitations period has run cannot serve to restart it. *See Vroman*, 346 F.3d at 602; *see also Adams v. Kentucky*, No. 16-6832, 2017 WL 6569885, at *1 (6th Cir. June 19, 2017) ("Moreover, although Adams filed a RCr 11.42 post-conviction motion in state court in 2013, that motion did not affect the timeliness of his habeas petition because it was filed after the one-year limitations period had expired."). Thus, Dye's March 31, 2013, federal filing deadline was not tolled by his RCr 11.42 or CR 60.03/CR 61.02 state court filings.

For these reasons, it will be recommended that Dye's § 2254 Petition be dismissed as time barred.

### III. CERTIFICATE OF APPEALABILITY

Dye is not entitled to a certificate of appealability (COA). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the procedural correctness of dismissing Dye's § 2254 Petition on timeliness grounds or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a COA be denied upon entry of a final order in this matter.

IV.    **CONCLUSION AND RECOMMENDATIONS**

For the reasons stated, **IT IS RECOMMENDED** that:

1) Dye's Petitions Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (R. 1; R. 8) **be dismissed**;

2) a Certificate of Appealability **be denied** in conjunction with the Court's entry of its final order in this matter;

3) Judgment in favor of the Respondent **be entered** contemporaneously with the Court's entry of its final order; and

4) this case **be stricken** from the active docket of this Court.

Attention is directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (b) of the statute. *See also* Rule 8 of the Rules Governing Section 2254 Cases. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or

recommendations may be served and filed for determination, *de novo*, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 26th day of January, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254PrelimsSOL\21-118-CHB Dye R&R.docx