UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ERIC DYE, )<br>)<br>   Petitioner, )<br>)<br>v. )<br>)<br>KEVIN MAZZA, Warden,[1] )<br>)<br>   Respondent. ) | Civil Action No. 21-118-CHB-CJS<br><br>**SUPPLEMENTAL<br>REPORT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Eric Dye. (R. 1; R. 8). After conducting a preliminary review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the undersigned issued a Report and Recommendation to dismiss Dye's Petition as untimely. (R. 15). In Dye's Objections to the Report and Recommendation, he raises a new argument that his Petition is timely based on a claim of actual innocence. (R. 21). The presiding District Judge has therefore referred Dye's Objections to the undersigned for preparation of a supplemental Report and Recommendation addressing this new argument. (R. 22).

**I.    ACTUAL INNOCENCE**

In the original Report and Recommendation, the undersigned recommended that Dye's Petition be dismissed for untimeliness. (R. 15 at Page ID 101-02). Dye's deadline to file a federal petition under 28 U.S.C. § 2244(d)(1) expired on March 31, 2013, and his Petition was not filed

---

[1] At the time Stepp filed this case, Brad Adams was the Warden at Northpoint Training Center where Dye is incarcerated. However, Kevin Mazza has since become Warden at that facility. Therefore, in accordance with Federal Rule of Civil Procedure 25(d) and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is directed to substitute Kevin Mazza, Warden, as the Respondent in the case caption.

in this Court until April 30, 2021, more than eight years later. (*Id.* at Page ID 101). AO Form 241, the proper form for § 2254 petitions, has a specific question for petitioners to explain why the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") should not apply. *See* 28 U.S.C. § 2244(d). Dye did not answer that question on his Petition. (R. 8 at Page ID 58-59). Based on the record, the undersigned concluded that Dye had failed to file a timely petition, nor had he shown that his Petition was subject to any tolling of the limitations period. (*See* R. 15). Dismissal was therefore recommended on that basis. (*See id.*).

Upon further review, it does appear that Dye asserted an argument for tolling based on actual innocence in his original Petition. He argues under his first ground for relief that he "did not commit the crimes [he is] accused of and [the Commonwealth has] no evidence, no DNA that [he] committed the alleged offense." (R. 8 at Page ID 50). In his second ground, he argues that his counsel never investigated his case and "scared" him into pleading guilty to the charges that he states he never committed. (*Id.* at Page ID 52). After the Report and Recommendation was issued, Dye filed Objections. (R. 21). Though Dye did not explain the timeliness of his Petition on his AO 241 Form, he does argue in his Objections that the Court may review his Petition based on his claim of actual innocence. (R. 21 at Page ID 118-19). And as a *pro se* litigant, Dye is entitled to "the benefit of a liberal construction of [the] pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Therefore, the Court will consider these arguments as Dye seeking review of his untimely habeas petition based on an assertion that he is actually innocent.

In *McQuiggin v. Perkins*, the Supreme Court held that a credible actual innocence claim "serves as a gateway" for federal habeas review, even after the AEDPA limitations period expires. 569 U.S. 383, 386, 393 (2013). To establish actual innocence, the movant "must show that it is more likely than not that no reasonable juror would have found [the movant] guilty beyond a

2

reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A credible claim of actual innocence must also "support [the movant's] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324. As the Sixth Circuit noted in *Souter*, "the actual innocence exception should remain rare and only be applied in the extraordinary case." *Souter v. Jones*, 395 F.2d 577, 590 (6th Cir. 2005).

As an initial matter, Dye pleaded guilty to his state court charges, and certain courts within the Sixth Circuit have found actual innocence claims in such a scenario to be untenable. *See Shofner v. Green*, 0:20-CV-23-KKC-HAI, 2020 WL 8475034, at *4-5 (E.D. Ky. Apr. 16, 2020) (collecting cases), *Report and Recommendation adopted*, 2021 WL 472911 (E.D. Ky. Feb. 9, 2021). As *Shofner* notes, the Sixth Circuit has indicated in an unpublished case that a petitioner can claim actual innocence even if they pleaded guilty. *Id.* (citing *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008)). However, *Shofner v. Green* also notes that the cases the Sixth Circuit relied upon for that proposition concerned procedural default, not the AEDPA limitations period. 2020 WL 8475034, at *5. Therefore, consistent with *Shofner v. Green* and supporting case law, Dye's § 2254 Petition could be dismissed on the basis that he cannot claim actual innocence when he has pleaded guilty in the underlying state criminal action.

Alternatively, following the rationale that Dye can claim actual innocence despite entering into a guilty plea, he has not produced any "new reliable evidence" that would support such a claim. *See Schlup*, 513 U.S. at 324. Dye argues that the Commonwealth did not meet their burden of proof for each element of the charged offenses, but because Dye did not proceed to trial and instead entered a guilty plea, the Government did not have to meet that burden. He does not provide information of any "exculpatory scientific evidence, trustworthy eyewitness accounts, or

3

critical physical evidence" that the Supreme Court has found would support a claim of actual innocence. *Id.* Accordingly, his "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In his second ground, Dye challenges the validity of his guilty plea, arguing that his attorney failed to investigate his claims and "scared [him] into pleading guilty of charges that [he] never committed." (R. 8 at Page ID 52). Again, to the extent Dye raises this point to demonstrate actual innocence, he does not provide any evidence that would support this claim. *See Schlup*, 513 U.S. at 324. Dye has pointed to nothing that would indicate "it is more likely than not that no reasonable juror would have found [the movant] guilty beyond a reasonable doubt." *Id.* at 327. Further, "courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *See Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

The petitioner bears the burden of showing he is entitled to a claim of actual innocence, and Dye has not pointed to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" to support his claims. *Schlup*, 513 U.S. at 324. Accordingly, he is not entitled to review of his § 2254 Petition based on a claim of actual innocence and his petition should be dismissed as untimely. Dye also does not include equitable tolling arguments that indicate he has been "pursuing his rights diligently" or that "some extraordinary circumstance stood in his way" from filing his § 2254 Petition before now. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, Dye has not shown how his § 2254 Petition is timely, and it should be dismissed on this basis.

Dye is on notice that he may not raise new arguments in any objections to this Supplemental Report and Recommendation. As noted above, this Supplemental Report and Recommendation

4

addresses his assertion of actual innocence because it was presented in his original § 2254 Petition. No other tolling assertions are evident in his § 2254 Petition, and new arguments may not be raised at the objections stage. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [a party may not] raise at the district court stage new arguments or issues that were not presented to the magistrate.").

## II.    CERTIFICATE OF APPEALABILITY

Despite Dye's assertion of actual innocence, he is still not entitled to a certificate of appealability (COA). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the District Court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the Petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the procedural correctness of dismissing Dye's § 2254 Petition on timeliness grounds or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(citing *Slack*, 529 U.S. at 484). Accordingly, the initial Report and Recommendation (R. 15) will be hereby supplemented to also recommend dismissal for failing to show that Dye should be permitted to proceed with his § 2254 Petition because he is actually innocent.

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons stated, **IT IS RECOMMENDED** that:

1) Dye's Petitions Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (R. 1; R. 8) **be dismissed;**

2) Dye's Objections to the Report and Recommendation (R. 21) **be overruled;**

3) a Certificate of Appealability **be denied** in conjunction with the entry of a final order in this matter;

4) Judgment in favor of the Respondent **be entered** contemporaneously with the entry of a final order; and

5) this case **be stricken** from the active docket of this Court.

Dye may lodge objections to this Supplemental Report and Recommendation under 28 U.S.C. § 636(b)(1). *See also* Rule 8 of the Rules Governing Section 2254 Cases. Within fourteen (14) days after being served with a copy of this Report and Recommendation, specific written objections to any or all findings or recommendations may be served and filed for determination, *de novo*, by the presiding District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 14th day of August, 2023.



Signed By:
*Candace J. Smith*
United States Magistrate Judge