UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ERIC DYE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:21-cv-118-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING MAGISTRATE** |
| BRAD ADAMS, Warden, ) | **JUDGE'S REPORT AND** |
| ) | **RECOMMENDATION** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation, [R. 15], and the Supplemental Report and Recommendation, [R. 24], filed by United States Magistrate Candace J. Smith. The Report and Recommendation addresses Petitioner Eric Dye's Petitions Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, [R. 1; R. 8]. Upon the filing of an objection by Dye, [R. 21], the Magistrate Judge issued the Supplemental Report and Recommendation, addressing the "actual innocence" claim raised in Dye's objection. *See* [R. 24]. No objections have been filed to the supplemental recommendation, and the time to do so has expired. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation, [R. 15], and Supplemental Report and Recommendation, [R. 24], and will deny Dye's petitions.

In November 2011, Dye entered a guilty plea in state court to charges of first-degree rape, first-degree sodomy, first-degree burglary, and being a second-degree persistent felony offender. [R. 15, p. 2 (citation omitted)]. He was sentenced to a total of thirty years in prison. *Id.* (citation omitted). He then filed various post-conviction motions in state court. *Id.* at 2. On May 5, 2021, several years after those state-court motions were resolved, the Clerk of this Court

received and docketed Dye's habeas petition, [R. 1]. Dye was directed to complete the standard form used for filing § 2254 petitions, [R. 7], and that form was docketed in this Court on June 10, 2021. [R. 8]. In his petitions, Dye cites two grounds for relief: (1) "The Commonwealth lacked the burden of proof in proving every essential element of rape first degree, sodomy first degree and burglary first degree and persistent felony offender second degree"; and (2) "Petitioner received ineffective assistance of counsel rendering the plea of guilty not knowingly or intelligently made." *See* [R. 1, pp. 2, 4]; [R. 8, p. 3].[1]

The Magistrate Judge concluded that the petitions should be dismissed as time-barred. [R. 15, p. 3]. Dye timely filed an objection, reasserting his argument that "the Commonwealth had no evidence to convict for the crimes of which he plead guilty," and now referring to this as an "actual innocence" argument. *See* [R. 21]. Dye stated that he "does not dispute that his petition is untimely," but he argues that "this court may review his petition on its merits do (sic) to him being actual innocence (sic) of the crimes of witch (sic) he plead guilty." *Id.* at 2. The Court therefore referred the matter back to the Magistrate Judge to issue a supplemental recommendation. [R. 22].

Magistrate Judge Smith issued her Supplemental Recommendation on August 14, 2023. [R. 22]. She acknowledged, "Upon further review, it does appear that Dye asserted an argument for tolling based on actual innocence in his original Petition." *Id.* at 2. The Magistrate Judge further explained that a credible actual innocence claim can allow for federal habeas review, even after the statutory limitations period expires. *Id.* (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386, 393 (2013)). After explaining the standard for asserting a successful actual innocence claim, *id.* at 2–3, the Magistrate Judge noted that "certain courts within the Sixth Circuit have

---

[1] Page numbers reflect the page number assigned by the Court's electronic filing system.

found actual innocence claims [in cases where the petitioner pleaded guilty] to be untenable." *Id.* at 3 (citing *Shofner v. Green*, 0:20-CV-23-KKC-HAI, 2020 WL 8475034, *4–5 (E.D. Ky. Apr. 16, 2020), *report and recommendation adopted*, 2021 WL 472911 (E.D. Ky. Feb. 9, 2021)). "Therefore," the Magistrate Judge concluded, "consistent with *Shofner v. Green* and supporting case law, Dye's § 2254 Petition could be dismissed on the basis that he cannot claim actual innocence when he has pleaded guilty in the underlying state criminal action." *Id.*

But even assuming that Dye can claim actual innocent after pleading guilty, the Magistrate Judge explained that he failed to produce any "new reliable evidence" as required for an actual innocence claim. *Id.*; *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (explaining that, for a claim of actual innocence to be credible, the movant must "support his allegations of constitutional error with new reliable evidence"). Instead, Dye simply claims that the United States failed to meet its burden of proof on each element of the charged offenses; however, Dye did not proceed to trial so the United States was not forced to meet this burden. *Id.* And Dye does not produce or cite to any evidence that might otherwise support an actual innocence claim. *Id.* at 3–4 (citing *Schlup*, 513 U.S. at 324). The Magistrate Judge therefore concluded that Dye's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Id.* at 4 (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)) (internal quotation marks omitted). Furthermore, to the extent that Dye asserted that his defense attorney "scared [him] into pleading guilty of charges that [he] never committed," [R. 8, p. 7], and raised that point to demonstrate actual innocence, [R. 21], the Magistrate Judge similarly concluded that Dye had failed to provide any evidence to support that claim. [R. 24, p. 4]. Ultimately, the Magistrate Judge concluded that Dye's habeas petitions should be dismissed, even in light of his actual innocence argument. *Id.* at 4.

The Magistrate Judge's Supplemental Report and Recommendation advised the parties that any objections must be filed with fourteen days. *Id.* at 6. The time to file objections to the Supplemental Report and Recommendation has passed, and neither party has filed any objections to that supplemental recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation, [R. 15], which finds Dye's petitions to be statutorily time-barred, and the Supplemental Report and Recommendation, [R. 24], which finds that Dye failed to satisfy his burden of demonstrating a credible claim of actual innocence, and as a result, he is not entitled to review of his otherwise untimely habeas petitions. The Court also agrees with the Magistrate Judge's conclusion that no Certificate of Appealability should issue. [R. 15, pp. 5–6; R. 24, pp. 5–6]. As previously noted, Dye did not raise any objections to the Supplemental Report and Recommendation.

Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

- 5 -

1. The Magistrate Judge's Report and Recommendation [**R. 15**] and Supplemental Report and Recommendation, [**R. 24**], are **ADOPTED** as the opinion of this Court;

2. Petitioner Eric Dye's Petitions Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, [**R. 1; R. 8**] are **DENIED**.

3. No Certificate of Appealability shall issue.

4. A separate Judgment will follow.

This the 1st day of December, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY